IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
**Alexandria Division**

| | | |
|---|---|---|
| GLOBAL TEL*LINK CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:14-cv-1557 |
| | ) | |
| JAIL CALL SERVICES, LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## ORDER

On February 26, 2015, plaintiff in this breach of contract and trademark infringement case moved for a default judgment. (Doc. 24). The matter was referred to a magistrate judge for a Report and Recommendation which issued on March 20, 2015. (Doc. 29). No objections to this Report and Recommendation were filed.

Thus, upon consideration of the March 20, 2015 Report and Recommendation of the United States Magistrate Judge designated to conduct a hearing in this matter, without objection, and upon an independent *de novo* review of the record, it is hereby **ORDERED** that the Court adopts as its own the findings and recommendation of the United States Magistrate Judge as set forth in the March 20, 2015 Report and Recommendation.

Accordingly, for good cause,

It is hereby **ORDERED** that judgment is **ENTERED** by default in favor of plaintiff and against defendant in the amount of $176,475.68, consisting of $100,000 in liquidated damages arising from defendant's breach of contract and $76,475.68 in attorney's fees and costs.

It is further **ORDERED** that defendant Jail Call Services, LLC ("JCS") and its officers, agents, servants, employees, and any other persons acting on its behalf are **ENJOINED** from:

1

(i)     using and advertising plaintiff Global Tel*Link ("GTL") Corporation's marks ("GTL Marks")[1] in connection with JCS's products and services through metatags, internet search keywords, false representations and false advertising on its website, in direct communications with customers, and through direct marketing, internet marketing, automated attendants, email, and phone calls; and

(ii)    committing any other acts calculated to cause consumers to believe that JCS's products or services are, or are affiliated or connected with GTL's products or services.

It is further **ORDERED** that JCS and its officers, agents, servants, employees, and any other persons acting on its behalf are **DIRECTED** to take prompt steps to remove all use and advertisement of the GTL Marks in connection with JCS's products and services from its website and the internet, as well as all advertising, promotional, or marketing material including direct communications with customers, direct marketing, internet marketing, metatags, internet search keywords, automated attendants, email, and phone calls, and otherwise to cease infringing upon the GTL Marks.

It is further **ORDERED** that the cash bond posted by plaintiff on November 25, 2014 as surety for the preliminary injunction entered November 24, 2015 be remitted to plaintiff.

The Clerk is **DIRECTED** to enter judgment pursuant to Rule 58, Fed. R. Civ. P. and to place this matter among the ended causes.

The Clerk is further **DIRECTED** to send a certified copy of this Judgment Order to the parties and all counsel of record.

Alexandria, Virginia
April 27, 2015

/s/
T. S. Ellis, III
United States District Judge

---

[1] The "GTL Marks" refer to federally registered trademarks for GLOBAL TEL*LINK, U.S. Registration Numbers 3,315,464, 3,315,465, and 3,315,466; OFFENDERCONNECT, U.S. Registration Number 3,770,529; and GTL, U.S. Registration Numbers, 4,611,419, 4,590,401, and 3,154,837.